**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHRISTOPHER KENNEDY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-454-NJR |
| ) | |
| ) | |
| **S. RODGERS, WEXFORD HEALTH** ) | |
| **SOURCES, INC., and ILLINOIS** ) | |
| **DEPARTMENT OF CORRECTIONS,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Christopher Kennedy, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, originally filed this action in state court as a petition for mandamus pursuant to 735 ILCS §5/14-101, *et seq*., seeking basic human needs, food, and facilities (Doc. 1-1, p. 2). In the declaration for his Petition, Kennedy indicates that he filed his petition for mandamus "due to the amount of procedural violations being made during [the Covid-19] quarantine" (Doc. 1-3, p. 6). On May 15, 2020, Defendant Wexford Health Sources, Inc. sought to remove Kennedy's Petition (Doc. 1). Wexford argues that his Petition raises deliberate indifference claims under the Eighth Amendment and retaliation claims under the First Amendment, both which fall under 42 U.S.C. § 1983. Wexford argues that the matter is properly removed pursuant to 28 U.S.C. § 1441.

This case is now before the Court for preliminary review of the Petition pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally

1

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Removal of civil actions is governed by 28 U.S.C. § 1441 ("removal statute"). Pursuant to the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The statute is construed narrowly. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Doubts concerning removal are resolved in favor of remand. *Id*. The party seeking removal bears the burden of establishing jurisdiction in the federal court. *See Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). If the district court lacks jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

The Court finds that the Petition is improperly removed. Section 1331 confers jurisdiction on federal courts for civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The federal question "must appear in the well-pleaded [C]omplaint." *Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 589 (7th Cir. 2016). This rule is designed to make the plaintiff the "master of the claim," that is, he or she can avoid federal jurisdiction by solely relying upon state law. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Any uncertainty as to federal jurisdiction must be resolved in favor of remand. *Doe*, 985 F.2d at 911.

Here, the Petition does not raise a federal question. Wexford argues that Kennedy's claims allege violations of his First and Eighth Amendment. The declaration attached to his Petition does

discuss issues with his diet and says that he was transferred for filing grievances and it was retaliatory (Doc. 1-3, pp. 7-8). Wexford points out that Kennedy mentions trying to exhaust his administrative remedies through grievances, which is required under the Prisoner Litigation Reform Act ("PLRA"), to bring a Section 1983 claim. 42 U.S.C. §1997e(a). But his Petition does not mention 42 U.S.C. § 1983, the PLRA, or any constitutional right that was violated. Further, the Petition was brought as a mandamus petition pursuant to Illinois law, 735 ILCS § 5/14-101, *et seq*. Although Kennedy does mention that he is trying to exhaust his administrative remedies for violations of certain procedures during the prison's Covid-19 quarantine, he decided to "file these petitions of mandamus with the honorable court…due to the amount of procedural violations being made during this quarantine" (Doc. 1-3, p. 6). He does state that he believes numerous issues he is having need to be investigated, but his most pressing issue is the failure of the prison to follow "operational guidelines and procedures for quarantine [which] were violated and ignored" (*Id*.).

Kennedy asks that Defendants perform their ministerial duties (Doc. 1-1, p. 2). Kennedy is the "master of his complaint" and he has chosen to pursue a claim under the Illinois mandamus statute for violations of procedures rather than allege a violation of his constitutional rights. The Court does not have jurisdiction to issue a writ of mandamus against a state official. Two different federal statutes govern writs of mandamus. See 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Section 1651 does not vest the Court with jurisdiction to issue writs of mandamus against state officials and only allows federal courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). Further, Section 1361 does not provide the Court with jurisdiction as federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Kennedy does not pursue relief from an officer or employee of the

United States or one of its agencies. Because Kennedy seeks a writ of mandamus under Illinois law, the Court lacks jurisdiction. Kennedy has not properly invoked a violation of constitutional law as Wexford argues.

Accordingly, the Court lacks subject matter jurisdiction, and this matter is **REMANDED** to the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois. The Clerk is **DIRECTED** to mail a certified copy of this Order of Remand to the St. Clair County Clerk of Court and close this case. *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

**DATED:  6/22/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**